UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07-CV-593-H

JANET DALE HIMMELHEBER                                          PLAINTIFF

V.

ev3, Inc.,                                                       DEFENDANTS
MURRAY SALES, and
DAVE COX

**MEMORANDUM OPINION AND ORDER**

Plaintiff Janet Himmelheber filed suit against Defendants, ev3, Inc., Murray Sales, and Dave Cox, claiming that they violated the Kentucky Civil Rights Act ("KCRA") as well as various provisions of Chapter 337 of the Kentucky Revised Statutes. Defendant has filed a motion to dismiss Plaintiff's complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court will sustain the motion in part and deny it in part.

I.

Plaintiff is an Indiana citizen. Defendants Murray Sales and Dave Cox are citizens of Michigan and North Carolina, respectively, and during the relevant period occupied managerial and supervisory positions for Defendant ev3, a Delaware corporation headquartered in Minnesota. In October 2004, Plaintiff was hired as a Territory Sales Manager for ev3, a manufacturer of endovascular devices. Under her employment agreement, she allegedly was to receive sales commission on a monthly basis, as well as stock options.

In April 2006, Plaintiff was allegedly placed on two different "performance improvement plans." Subsequently, her attorney informed Defendants that Plaintiff believed she was being

discriminated against on the basis of her gender. In July 2006, Plaintiff's employment was terminated by ev3. She allegedly was replaced by a male employee, and she alleges that ev3 has withheld her sales commission for July 2006, as well as her final paycheck and the stock options to which she claims she is entitled.

Plaintiff filed a four-count complaint in Jefferson Circuit Court in September 2007, alleging sex discrimination and retaliation in violation of Chapter 344 of the Kentucky Revised Statutes, as well as failure to pay wages and commissions in violation of Chapter 337 of the Kentucky Revised Statutes. Defendants removed to federal court and moved to dismiss Plaintiff's Complaint on the grounds that neither the KCRA nor Chapter 337 applies to the events alleged by Plaintiff. The motion requires this Court to construe the complaint in the light most favorable to Plaintiff, *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir. 1998), and to accept all the complaint's factual allegations as true. *Id.* The Court may not grant such a motion to dismiss based on disbelief of a complaint's factual allegations. *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995). Rather, the Court must liberally construe the complaint in favor of the party opposing the motion, and "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, — U.S. — , 127 S.Ct. 1955, 1969 (2007).

## II.

Plaintiff has divided her claim into four counts, three of which arise under provisions of the KCRA. The Court will first consider each of these KCRA claims.

### A.

Plaintiff first alleges that she was discriminated against on the basis of her gender, in violation of Ky. Rev. Stat. § 344.040.[1] The statute prohibits "employers" from practicing such discrimination. An "employer" is defined as "a person who has eight (8) or more employees within the state in each of twenty (20) or more calendar weeks in the current or preceding calendar year." Ky. Rev. Stat. § 344.030(2). "Within the state" has been interpreted to mean "physically within the state," and not to refer to those "located outside of Kentucky [who] interact[] with individuals inside of the state." *Holmes v. Fieldstone Mortgage Co.*, 2006 WL 1523210, *1 (W.D. Ky. May 25, 2006) (citing *Union Underwear Co. v. Barnhart*, 50 S.W.3d 188 (Ky. 2001)).

Here Plaintiff alleges that at most, five ev3 employees were "within the state" for the purposes of the statute. The additional employees to which she refers "were responsible for ev3's activities in Kentucky" in some "supervisory" capacity, such as "work[ing] specifically with [Plaintiff] on a Kentucky account." Plaintiff's Response at 1.[2] The balance of Plaintiff's argument on this point consists of an insistence that "so long as such [large nationwide] corporations have eight or more employees with significant contacts and responsibilities in Kentucky, they should be covered by KRS chapter 344," and that this Court should reject a "strict and technical interpretation" of the statute that would preclude her claim. *Id.* at 2–3.

---

[1]Plaintiff's complaint alleges violations of various chapters of the Kentucky Revised Statutes. Where possible, as here, the Court will note the specific statutory provision of which Plaintiff appears to allege violation.

[2]In her affidavit, Plaintiff states that the individuals she names "worked in Kentucky *at some time* during at least 20 calendar weeks of one or the other years." Plaintiff's Affidavit at ¶ 2 (emphasis added). Even if true, the fact that these individuals did so does not indicate that the standard outlined by Ky. Rev. Stat. § 344.030(2) is met. The statute requires that eight or more employees work in Kentucky in each of twenty weeks or more, not that among some thirteen named individuals, at least one (which is all that Plaintiff seemingly avers) was "within the state" during at least 20 calendar weeks. Thus, even if Plaintiff's affidavit were read to state that these individuals were *physically* in Kentucky during whatever period she asserts, she still would fall short of the statutory requirement.

While undoubtedly correct that courts must "consider the statute as a whole," Plaintiff's argument seemingly ignores the Kentucky Supreme Court's discussion of the KCRA in *Union Underwear*. As Judge Coffman noted, the Kentucky Supreme Court indicated in *Union Underwear* that just because "a company conducts business in the Commonwealth does not necessarily subject it to the provisions of the KCRA." *Holmes*, 2006 WL 1523210 at *1. The definition of "employer" in the statute is intended to circumscribe the extent to which the KCRA can be applied. To consider "within the state" any of ev3's employees "who worked on, or provided support for, any of [ev3's] operations in Kentucky," *Holmes*, 2006 WL 1523210 at *1, would be to run afoul of the solicitude the Kentucky Supreme Court counseled for "the employment practices of our sister states...[and] the sovereignty of other states," and to expand the KCRA's reach beyond that intended by the legislature. *Union Underwear*, 50 S.W.3d at 191, 193.

Plaintiff simply has not sufficiently alleged that ev3 is an "employer" for purposes of the KCRA, and therefore Count One of Plaintiff's complaint fails.[3]

B.

In Counts Three and Four of her complaint, Plaintiff alleges discrimination and retaliation against her by all Defendants, in violation of Ky. Rev. Stat. § 344.280. In pertinent part, the statute prohibits one or more persons from conspiring:

---

[3] In addition, it is unclear that the discrimination of which Plaintiff complains actually took place in Kentucky. Review of Plaintiff's complaint indicates that at most, she is alleging that (1) being placed on performance improvement plans, (2) being terminated by ev3, and (3) being denied the various types of compensation to which she believes she was entitled constituted discrimination. In that despite Plaintiff's periodic presence in Kentucky, these actions all appear to have occurred somewhere other than Kentucky, any application of the KCRA to them would directly contravene the Kentucky Supreme Court's determination in *Union Underwear* that "the Kentucky Civil Rights Act does not have extraterritorial application." *Union Underwear*, 50 S.W.3d at 193. *See also Ferrer v. MedaSTAT USA LLC*, 2004 WL 2595955, *3 (W.D. Ky. July 8, 2004) (finding the KCRA inapplicable where "[n]one of the discriminatory actions Plaintiff claims...occurred in Kentucky.").

4

> (1) To retaliate or discriminate in any manner against a person because [she] has opposed a practice *declared unlawful by this chapter*, or because [she] has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this chapter; or
>
> (2) To aid, abet, incite, compel, or coerce a person to engage in any of the acts or practices *declared unlawful by this chapter*.

Ky. Rev. Stat. § 344.280 (emphasis added). Liability under this provision is not dependent upon the offender's status as an "employer." *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 794 (6th Cir. 2000). Notably, however, the statute only prohibits actions that discriminate or retaliate in response to protected activity, i.e. activity opposing "practice[s] declared unlawful by this chapter." Therefore, if no "practice declared unlawful by this chapter" has occurred, there can be no retaliation or discrimination as contemplated by Ky. Rev. Stat. § 344.280.

As noted above, Plaintiff fails to sufficiently allege her claim of discrimination insofar as she has not sufficiently alleged that ev3 is an "employer" as defined by the KCRA. This leaves her retaliation claims without any underlying violation, and accordingly, Counts Three and Four of Plaintiff's complaint fail.[4]

### III.

Finally, in Count Two of her complaint, Plaintiff alleges ev3's failure to pay wages and other compensation she alleges she is due, in violation of Ky. Rev. Stat. §§ 337.020 and 337.055.

Defendants argue that the Kentucky Supreme Court's analysis in *Union Underwear* precludes what Defendants see as an extraterritorial application of Kentucky's wage and hour laws.

---

[4] For the reasons discussed above, to the extent that the discriminatory acts of which Plaintiff complains occurred outside Kentucky, application of the KCRA would be inappropriate here as well.

5

Though somewhat ambiguously framed, this argument does not appear to be one objecting to the Court's exercise of personal jurisdiction over Defendant.[5]

As a preliminary matter, the Court notes that at no point was the *Union Underwear* court evaluating the applicability of Chapter 337 of the Kentucky Revised Statutes; its analysis focused solely on the extraterritorial applicability of the KCRA. The bulk of the opinion was confined to the civil rights context, making the conclusions drawn by the court less easily extrapolated to contexts outside the KCRA. Simply put, the *Union Underwear* court was considering the meaning of an "employer" as that term is used in the KCRA, but the term "employer" may have a different scope and meaning depending on its non-KCRA statutory context.

Ky. Rev. Stat. § 337.020 requires "[e]very employer doing business in this state" to "pay to each of its employees all wages or salary earned," and Ky. Rev. Stat. § 337.055 requires that "[a]ny employee who leaves or is discharged from [her] employment shall be paid in full all wages or salary earned by [her]" within a stated period. An employer who fails to comply with these provisions "shall be liable to such employee affected for the full amount of such wages and overtime compensation, less any amount actually paid to such employee by the employer, for an additional equal amount as liquidated damages, and for costs and such reasonable attorney's fees as may be allowed by the court." Ky. Rev. Stat. § 337.385. In contrast to Chapter 344's

---

[5] As noted above, Plaintiff is a citizen of Indiana, and was paid in Indiana according to the wage laws of that state by an employer headquartered in Minnesota, *see* Defendant's Motion to Dismiss, Exhibit E. Any failure to pay wages or other compensation would therefore seem to have occurred either in Minnesota or Indiana, but not in Kentucky. But such observations are seemingly beside the point, given that Kentucky's long-arm statute permits the exercise of personal jurisdiction as to claims arising from a person's "[t]ransacting any business in this Commonwealth." Ky. Rev. Stat. § 454.210(2)(a)(1). Sitting in diversity, this Court would apply this long-arm statute to the extent that doing so complied with Due Process. *See, e.g.*, *Ford v. RDI/Caesars Riverboat Casino, Inc.*, 503 F.Supp.2d 839, 842 (W.D. Ky. 2007).

narrower definition, Chapter 337 defines an "employer" as "any person, either individual, corporation, partnership, agency, or firm who employs an employee and includes any person...acting directly or indirectly in the interest of an employer in relation to an employee" Ky. Rev. Stat. § 337.010(1)(d).[6]

Here, ev3 employed Plaintiff as an "employee" within the meaning of the statute. The broad language of Chapter 337's definition of an "employer" allows for what might be considered extraterritorial application of its terms to employers located outside Kentucky. No doubt, ev3 does business in Kentucky for purposes of the statute.[7] Therefore, even though the Defendants' alleged failure to pay wages and other compensation to Plaintiff appears to have occurred entirely outside Kentucky, the Court will allow Plaintiff's claim to proceed given that her allegations appear to meet the statutory criteria.

---

[6]As such, there is an important distinction between an allegation that a failure to pay wages or other compensation constituted an act of *discrimination* to which the KCRA should apply, *see Holmes*, 2006 WL 1523210 at *1 (noting that just because "a company conducts business in the Commonwealth does *not* necessarily subject it to the provisions of the KCRA") (emphasis added), and an allegation that the failure to pay wages or other compensation violated the law *in and of itself*. The former claim is unavailing, for the reasons discussed above. The latter claim, however, is subject to a different analysis due to the definition of "employer" in Ky. Rev. Stat. § 337.010(1)(d).

[7]Plaintiff has brought this claim against all Defendants, though it is unclear whether Defendants Dave Cox and Murray Sales would be considered Plaintiff's "employer" on the facts before the Court. As Defendants have not sought dismissal on this ground, the Court at this time will allow Plaintiff's claim to proceed as pled.

Being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss is **SUSTAINED** in part and **DENIED** in part, and that Counts One, Three, and Four of Plaintiff's complaint are **DISMISSED WITH PREJUDICE**.

This is not a final order.

Date: February 7, 2008

cc:    Counsel of Record